UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
In re

      KYLE ANN RICHARDSON                        Case No. 08-15316 K

                                  Debtor
------------------------------------------------------------------

OPINION AND ORDER

This is another "pay advice" case arising under 11 U.S.C. § 521(i).[1]

The "donut cases," which is to say cases in which the debtor timely filed pay advices for the beginning and the end of the applicable 60-day period, but omitted one or more pay advices in the middle, are well and thoroughly discussed in such decisions as *In re Miller*, 383 B.R. 767 (10th Cir. BAP 2008), *In re Tay-Kwamya*, 367 B.R. 422 (Bankr. S.D.N.Y. 2007), and *In re Wojda*, 371 B.R. 656 (Bankr. W.D.N.Y. 2007). This writer fully agrees with those decisions.

This, however, is a case in which the only timely-filed pay advice was for the last pay period preceding the filing of the petition on December 5, 2008. Though she filed the remaining pay advices, they were filed four days after the 45th day permitted by the statute.

---

[1] The authority of this Court to address the question presented despite the "automatic dismissal" language of 11 U.S.C. § 521(i)(1) cannot be doubted. This matter is laid to rest, in this writer's opinion, by the thorough exposition thereof by the Hon. S. Martin Teal, Jr., U.S. Bankruptcy Court District of Columbia, in the case of *In re Spencer*, 388 B.R. 418, concluding that (1) that only the court may determine the date upon which a dismissal is effective, and that (2) the use of the word automatic constitutes a directive to the court that no showing of cause is required for dismissal if the court concludes that the § 521(i)(1) duty to file certain "information" within 45 days was not performed by the debtor. Even more broadly, the 1st Circuit Court of Appeals held in *In re Acosta-Rivera*, 557 F.3rd 8, in a different context, that "the great divide in § 521 is between information that is required and information that is not. The Act allows courts to do the sifting suggested by that divide without rigid adherence to the 45-day deadline." That court also notably stated that "the term 'automatic dismissal' is something of a misnomer . . . dismissal is . . . hardly 'automatic.'"

The present writer agrees, and states, in dictum; that only a court order dismisses a case; there is no such thing as "automatic dismissal." That said, for the sake of simplicity this decision will speak of dismissal that is "automatic."

Through counsel, the Debtor argues that because that pay advice contained year to date totals that were completely consistent with her answer to question 1 of the "Statement of Financial Affairs," reporting $56,009.04 in earnings from her employer in 2006 and $57,203.18 from that same employer in 2007, she had provided sufficient "information," in a timely fashion, to permit the Trustee and parties in interest to determine what her pay was during the applicable 60-day period.  Moreover, the moving party here is the Chapter 7 Trustee, who also had the Debtor's tax returns, which were also consistent with the pay stub that she timely filed and the year-to-date totals contained thereon.  Consequently, the Debtor argues, if anyone had a completely clear picture of the Debtor's earnings during the 60-day period in question, it was the moving party here - - the Chapter 7 Trustee.

The Court has been unable to discover a clear statement of the legislative intent behind the imposition of the pay advice requirement.  Certainly, a number of salutary purposes are served thereby, but only if one adopts the cynical premise that debtors might not be telling the truth, under penalty of false oath or perjury, in the various documents that a debtor filed with the Court or in a debtor's testimony at the § 341 meeting.  For example, the pay advices might belie the information contained in the debtor's means test calculation (in a Chapter 7 case) or a debtor's computation of current monthly disposable income (in a Chapter 13 case).  A pay advice showing a recent borrowing from a pension fund might also belie a debtor's denial, in the Statement of Affairs, of having made any out of the ordinary transfers on the eve of filing, or belie a debtor's recitation of assets in the personal property schedule (such as cash in the bank, or some valuable asset purchased with, perhaps, bonus monies, but which asset was omitted from

the schedules.)

In other words, the pay advices may prove or disprove various disclosures or non-disclosures that may subject the Debtor to criminal prosecution.

But perhaps the above overstates the case. A debtor and counsel might simply have made a mistake in the schedules and statements, or in the means test forms or disposable income forms, which mistake might come to light by examination of the pay advices. Payroll deductions might disclose any number of things that a debtor might have forgotten about when completing the schedules, statements, and other forms filed with the Court.

As many have noted, the use of the word "information" in § 521(i) is in reference to § 521(a)(1) which specifies particular documents, and not information. Unless "information" is interpreted to equate with "schedule," "statement," and "copies of . . . payment advices," there is no "automatic dismissal."

The Court must presume that Congress' choice of the word "information" rather than "documents" was not inadvertent. In light of the fact that Rule 5005(a)(1) explicitly prohibits the Clerk from refusing to accept for filing any paper "solely because it is not presented in proper form as required by these rules or any local rules or practices," it is not uncommon for a debtor to file schedules, lists, or statements that do not substantially conform with the Official Forms, or that are not complete or accurate. Must § 521(i) be interpreted in such a way that a case in which a debtor files all pertinent pay advices, and files statements and schedules that are properly captioned under § 521(a) but are wholly devoid of the "information" contemplated by the statute and rules to be captured, is <u>not</u> automatically dismissed?

This Court thinks not. It is "information" that is the purpose of § 521(a), not properly-captioned, but utterly hollow documents.

Logic, then, would seem to dictate a reciprocal rule - - If all of the information contemplated by § 521(a)(1) is timely filed on documents that are not properly denominated a "schedule" or "statement," there should not be an automatic dismissal. And as Rule 5005(a) and the committee note thereto make clear, the determination as to the form of submissions is to be made by a judge, not the Clerk.

The "pay advice" provision is, however, unique among the filings required by § 521(a)(1). It commands specific documents that are not prepared by the debtor, rather than the words "schedule" or "statement," which are actually terms of art for the debtor's providing of meaningful "information" (if the above analysis is correct). In this regard, the pay advice requirement is far more akin to the tax return requirement contained in § 521(e)(2).

It would seem that the primary reason that the pay advice requirement is in § 521(a)(1) and not § 521(e)(2) is to make the pay advices available to all parties-in-interest, rather than merely to the trustee. Fair enough. But does that mean that the word "information" in § 521(i) means something different as to that particular item in the § 521(a)(1) specifics?

Again, this Court thinks not. Congress did not, in § 521 (i), require both "the information and the pay advices" required by § 521(a).

For cases assigned to this writer, it will suffice, for purposes of the "automatic dismissal" provision of § 521(i), that a debtor timely file only the last pay advice received from each employer prior to filing so long as each of the following circumstances are satisfied.

      1. The advice provides year-to-date totals covering the requisite 60-day period.

      2. The advice does not contradict the other "information" provided by such debtor in the other § 521(a)(1) filings or his or her testimony at the § 341 meeting.

      3. The advice allows determination of the debtor's pay during the applicable 60-day period.

      4. The debtor has acted in good faith, or in reliance upon counsel or advice of counsel, in endeavoring to fully comply with the requirements of the Code and Rules.

      5. If specifically requested to do so, the debtor reasonably provides the "missing" pay advices.

      In these and all other regards, the totality of circumstances favors finality, in the debtor's favor, regarding the "automatic dismissal 'cloud'."

      SO ORDERED.

Dated:      Buffalo, New York  
              May 4, 2009

                                                s/Michael J. Kaplan  
                                                _____  
                                                       U.S.B.J.